IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL TALIAFERRO JOHNSON, #202096, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:21-cv-456-ECM-JTA [WO] |
| ALABAMA DEPT. OF CORRECTIONS, et al., | ) ) ) ) | |
| Defendants. | ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

Plaintiff Michael Johnson, an inmate in the custody of the Alabama Department of Corrections, brings this 42 U.S.C. § 1983 action, proceeding *pro se,* against the Alabama Department of Corrections, Lieutenant Whitley, and Sergeant Hayden. Johnson challenges an incident of excessive force during his incarceration at the Ventress Correctional Facility in October of 2020.  Johnson also challenges imposition of a disciplinary stemming from the excessive force incident which resulted in a loss of good time.  For relief, Johnson seeks damages and restoration of his good time.  Doc. No. 1 at 2–4; Doc. 1-1 at 1–6. After review of the Complaint, the undersigned RECOMMENDS Plaintiff's Complaint against the Alabama Department of Corrections and the claims regarding the disputed disciplinary proceedings be DISMISSED, as set forth below.

## II. STANDARD OF REVIEW

Because the Court granted Johnson leave to proceed in forma pauperis (*see* Doc. 14), his Complaint is subject to screening under 28 U.S.C. § 1915A, which requires a court to dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks and arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is also frivolous when the defendant is immune from suit, the claim seeks to enforce a right that clearly does not exist, or an affirmative defense, such as the statute of limitations, would defeat the claim. *Id*. at 327; *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990). In analyzing § 1915 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

### III.   DISCUSSION

#### A.   The Alabama Department of Corrections

Plaintiff names the Alabama Department of Corrections ("ADOC") as a defendant. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Papasan v. Allain*, 478 U.S. 265 (1986) (holding that unless the State of Alabama consents to suit or Congress rescinds its immunity, a plaintiff cannot proceed against the State or its agencies as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable").

> "[T]he Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies [or employees]." *Alabama v. Pugh*, 438 U.S. 781, 781, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978). There are two exceptions to this prohibition: where the state has waived its immunity or where Congress has abrogated that immunity. *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 131 S. Ct. 1632, 1637–38, 179 L. Ed. 2d 675 (2011). "A State's consent to suit must be 'unequivocally expressed' in the text of [a] relevant statute." *Sossamon v. Texas*, 563 U.S. 277, 131 S. Ct. 1651, 1658, 179 L. Ed. 2d 700 (2011) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)). "Waiver may not be implied." *Id*. Likewise, "Congress' intent to abrogate the States' immunity from suit must be obvious from 'a clear legislative statement.'" *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996) (quoting *Blatchford v. Native Vill. of Noatak*, 501 U.S. 775, 786, 111 S. Ct. 2578, 115 L. Ed. 2d 686 (1991)).

*Selensky v. Alabama*, 619 F. App'x 846, 848–49 (11th Cir. 2015). Thus, neither the State of Alabama nor its agencies may be sued unless the State has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984), or Congress has abrogated the State's immunity, *see Seminole Tribe v. Florida*, 517 U.S. 44, 59 (1996).

> Neither waiver nor abrogation applies here. The Alabama Constitution states that "the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. art. I, § 14. The Supreme Court has recognized that this prohibits Alabama from waiving its immunity from suit. *Pugh,* 438 U.S. at 782, 98 S.Ct. 3057 (citing Ala. Const. art. I, § 14.)

*Selensky*, 619 F. App'x at 849. "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abated it." *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (citing *Carr v. City of Florence*, Ala., 916 F.2d 1521, 1525 (11th Cir. 1990)). Consequently, any claims lodged against the State of Alabama or its agencies are frivolous and, therefore, due to be dismissed with prejudice under 28 U.S.C. § 1915A(b)(1).

    **B.    The Disciplinary Claim**

Johnson challenges imposition of a disciplinary, claiming he was denied due process during the disciplinary proceedings and induced to plead guilty to the infraction after being informed he would not be recommended for a review of custody. Following his guilty plea, Johnson complains he was sanctioned to a loss of good time and placed in close custody. Johnson's challenge to the validity of the challenged disciplinary provides no basis for relief at this time. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Edwards v. Balisok*, 520 U.S. 641, 646 (1997).

In *Heck*, the Supreme Court held that claims for damages arising from challenges to the legality of a prisoner's confinement are not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas

4

corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481. The Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Supreme Court applied *Heck* in the circumstances of a § 1983 action claiming damages and equitable relief for a procedural defect in a prison's administrative process where the disciplinary action taken against the plaintiff included, among other things, deprivation of 30 days good-time credit. 520 U.S. at 644–46. The Court held that a state prisoner's claim for damages is not cognizable under § 1983 if a judgment in favor of the plaintiff would necessarily be at odds with his conviction or with the State's calculation of time to be served in accordance with the underlying sentence unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Absent such an invalidation, the § 1983 suit must be dismissed. *Id*. at 649.

Johnson's claims regarding the disciplinary action taken against him challenges the result, not just the proceedings. In *Wilkinson v. Dotson,* 544 U.S. 74 (2005), the Court determined that a "prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81–82 (emphasis in original). Johnson alleges he was denied due process during the

5

disciplinary proceedings about which he complains and maintains he was improperly induced into pleading guilty to the charge and seeks monetary damages to compensate him for violations of his constitutional rights. Such relief, if granted, would necessarily imply the invalidity of the challenged disciplinary action taken against him which deprived him of good-time credits that implicate the duration of his confinement. Johnson has not shown that the disciplinary decision he challenges has been invalidated in an appropriate civil action. Consequently, the instant collateral attack on this adverse action is prohibited by *Heck* and *Balisok*. Based on the foregoing, the undersigned concludes Johnson presently has no cause of action under § 1983 with respect to the challenged disciplinary proceedings. This claim is therefore due to be dismissed under 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

## IV. CONCLUSION

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS the following:

1. Plaintiff's Complaint against the Alabama Department of Corrections be DISMISSED with prejudice under 28 U.S.C. § 1915A(b)(1).

2. Plaintiff's claims regarding the constitutionality of the challenged disciplinary proceeding be DISMISSED without prejudice under 28 U.S.C. § 1915A(b)(1) as such claims are not properly before the Court at this time.

3. The Alabama Department of Corrections be TERMINATED as a party.

4. This case regarding Plaintiff's allegation of excessive force against the remaining defendants be referred to the undersigned for further proceedings.

It is ORDERED that **by February 2, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE on this 18th day of January, 2022.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE